**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FREE SPEECH COALITION, INC., AYLO PREMIUM LTD, AYLO FREESITES LTD, WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES, S.R.O., SONESTA TECHNOLOGIES, S.R.O., SONESTA MEDIA, S.R.O., YELLOW PRODUCTION, S.R.O., PAPER STREET MEDIA, LLC, NEPTUNE MEDIA, LLC, MEDIAME SRL, MIDUS HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana, <br><br> Defendant. | Case No. 1:24-cv-00980-RLY-MG |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, EXTEND THE CASE SCHEDULE**

**INTRODUCTION**

In this First Amendment facial challenge, the parties agreed to a streamlined schedule that was premised on narrow, targeted discovery, with the aim of putting this Court in a position to rule on summary judgment motions as soon as practicable following the Supreme Court's forthcoming decision in *Free Speech Coalition v. Paxton*, No. 23-1122.  Unfortunately, that premise no longer holds, because the discovery propounded since that schedule was put in place, and the parties' conferral about that discovery, has revealed that the parties and this Court will have to spend an inordinate amount of time and resources addressing important discovery disputes that the Supreme Court's forthcoming decision could either moot or else inform.  This change in circumstances calls for a temporary stay of proceedings or, at minimum, a substantial modification of the case schedule.

Indeed, absent immediate judicial intervention, voluminous motion practice is imminent.  Shortly after the schedule was entered, Indiana served and insisted upon exceedingly broad, invasive discovery requests, including requests that chill Plaintiffs' exercise of their First Amendment rights by (*inter alia*) raising the specter that the government may retaliate against them based on their participation in this lawsuit.  This has forced the twelve different Plaintiffs to object to the majority of Indiana's **588** total requests, atop the **115** total deposition topics that Indiana has proffered.  At the same time, Indiana recently served deficient interrogatory responses regarding S.B. 17's age-verification requirements, even though Plaintiffs' experts require that information to complete their reports, which are due on October 31, 2024.  The parties' meet and confer thus far has only underscored the profoundly divergent views the parties now have about what is relevant and appropriate in this case.  As a result, urgent motion practice looms.

It makes no sense to undertake this massive expenditure of potentially wasted resources now because these disputes implicate issues that the Supreme Court is set to resolve, beyond the

1

general merits question. For example, Indiana seeks fact discovery from Plaintiffs to pursue its "obscenity" argument and to satisfy strict scrutiny in ways that sweep vastly beyond the contours of the fixed legislative record. Yet neither line of discovery is consistent with the current schedule or proper under the law in Plaintiffs' view. Moreover, the Supreme Court is poised to decide these issues. Absent a stay, therefore, intensive motions practice and related burdens will be needlessly incurred even before the Supreme Court can illuminate the operative legal landscape.

To conserve judicial and party resources, and to avoid this imminent motion practice, Plaintiffs respectfully request that this Court <u>stay proceedings pending the Supreme Court's decision in *Paxton* or, in the alternative, extend the deadlines in the current case schedule by five months</u>. Indiana opposes a stay of all discovery and takes the position that a five-month extension would unnecessarily delay discovery. Declaration of Taylor Comerford ("Comerford Decl.") at ¶¶ 7-8, 12 (Ex. 3).

Nevertheless, Indiana is willing to agree to extend all remaining deadlines in the schedule by two months, and in light of that, Plaintiffs respectfully request that the Court <u>immediately extend the deadlines in the case schedule by two months</u>. *Id.* at ¶¶ 8, 12 (Ex. 3). If the Court grants an immediate two-month extension, the default briefing schedule set by Rule 7-1 is acceptable to Plaintiffs with respect to the remainder of the requested relief. Otherwise, Plaintiffs respectfully request a briefing schedule that will allow the Court to decide this Motion as soon as practicable. Plaintiffs do not request a hearing.

## BACKGROUND

On June 10, 2024, Plaintiffs, consisting of platforms and publishers of online adult content, moved for a preliminary injunction to prevent the Indiana Attorney General from enforcing Senate Bill 17, codified at IC-24-4-23, *et seq.* ("S.B. 17"), on the grounds that its age-verification requirement violates the First Amendment. ECF 1. On June 28, 2024, this Court granted

2

Plaintiffs' motion for a preliminary injunction. ECF 35. On July 25, 2024, this Court denied Indiana's motion for a stay pending appeal. ECF 50. On August 16, 2024, the Seventh Circuit held Indiana's appeal in abeyance while granting a stay irrespective of the *Nken* factors, on the ground that Indiana's law should be treated the same as the "functionally identical" Texas law that is currently before the Supreme Court in *Paxton*. *Free Speech Coalition, Inc. v. Rokita*, 2024 WL 3861733, at *1(7th Cir. Aug. 16, 2024).

On August 23, 2024, this Court issued a Case Management Order directing discovery to close on December 31, 2024. ECF 62. Plaintiffs had proposed this timeline—to which Indiana agreed—based explicitly on the understanding that discovery in this First Amendment challenge should be narrow and simple. *See id.* at 6. In Plaintiffs' view, the issues in this facial challenge are primarily legal, the few factual questions largely involve expert opinion testimony, and the application of strict scrutiny should keep discovery minimal. This was consistent with the Court's preliminary-injunction order and subsequent stay denial, which rejected several of Indiana's legal premises that would correspond to broader discovery. *See, e.g.*, ECF 50 at 11 (rejecting Indiana's "obscenity" argument as a matter of law under *Brown v. Kemp*, 86 F.4th 745 (7th Cir. 2023)). Indeed, the Court stated that "this is a facial challenge, so the specifics of Plaintiffs' websites do not matter." ECF 35 at 27. In agreeing to the schedule, Indiana did not dispute the schedule's core premise. ECF 62 at 6.

Nevertheless, on September 9, 2024, Indiana propounded its first set of document requests on Plaintiffs Aylo Freesites Ltd and Aylo Premium Ltd that totaled **84** requests. Comerford Decl. at ¶ 2. By comparison, Plaintiffs' first set of discovery requests to Indiana consisted of six document requests, eleven interrogatories, and one request for admission. *Id.* Indiana then propounded additional written discovery requests, bringing the total number of requests and

3

interrogatories served on Plaintiffs to **588**.  *Id.*  In addition, Indiana has requested that Plaintiffs arrange a 30(b)(6) deposition for each Plaintiff on a total of **115** topics.  *Id.*

Given the remarkable volume and breadth of Indiana's demands, on September 27, 2024, Plaintiffs requested a roughly three-week extension to respond to Indiana's written discovery to November 7, 2024.  *Id.* at ¶ 3.  Indiana refused, however, explaining that, beyond written responses, it would need Plaintiffs' production well before its expert-disclosure date of November 14, 2024 because its experts purportedly would rely on Plaintiffs' production.  *Id.*  On October 9, 2024, Plaintiffs Aylo Freesites Ltd and Aylo Premium Ltd served their written responses.  *Id.*  Responses to the remainder of the requests and interrogatories, which are similarly problematic, are due today.  *Id.*

Meanwhile, Indiana has contested the confidentiality protection for Plaintiffs' sensitive business information and, indeed, for the protection of individuals' personal information that it is demanding.  *Id.* at ¶ 4.  This dispute, too, will need to be resolved before Plaintiffs can produce most of the substantive responses and documents in question.

As to their content, Indiana's first set of discovery requests seeks (*inter alia*) information about a New York Times opinion piece focused on child pornography; sealed documents in three civil cases alleging sex trafficking; the home addresses of all Plaintiffs' officers and directors; and information invading Free Speech Coalition members' right to anonymity.  *Id.* at ¶ 5.  Indiana also seeks information about age-verification laws worldwide; private information Plaintiffs "collect" from visitors to their sites and how they protect it; and whether Plaintiffs' are "complying" with Indiana's law.  *Id.*  Indiana's proposed deposition topics cover similar ground.  *Id.*  In short, Indiana's requests seek to rummage through Plaintiffs' businesses in ways that have no relevance to the instant action and violate Plaintiffs' and third parties' privacy, including by seeking

4

unredacted copies of documents involving third parties in other, unrelated litigation and even the home addresses of all Plaintiffs' current and former officers and directors.

Plaintiffs object to Indiana's requests and topics on the grounds that they are irrelevant, overly burdensome, disproportionate to the needs of the case, and harassing and chilling, particularly in the context of this facial First Amendment challenge. *Id.* at ¶ 6. Based on the nature of the inquiries, it appears to Plaintiffs that the Attorney General is seeking to rummage through some of the most sensitive parts of their business as the price for protecting their First Amendment rights and those of adult Hoosiers. Moreover, Indiana's intrusions go well beyond the limits set by the legislative record that the General Assembly constructed in support of its law. Because Indiana insists that its approach is perfectly appropriate, the parties have diametrically opposed views about the scope of discovery, which will precipitate extensive and time-consuming motion practice. Meanwhile, on October 17, 2024, Indiana served deficient responses to interrogatories seeking Indiana's position on S.B. 17's age-verification requirements. *Id.* at ¶¶ 9, 11 (Ex. 2 at 4-8). Absent clear answers from Indiana, Plaintiff's experts cannot complete their assessments, which are currently due on October 31. *Id.* at ¶ 9.

## LEGAL STANDARD

This Court has "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also* Fed. R. Civ. P. 26(c)(1). It therefore may stay proceedings for good cause, considering any prejudice to the non-moving party, whether the issues will be simplified, and whether a stay will reduce the burden of litigation on a party. *Republic Airways Inc. v. Int'l Bhd. of Teamsters*, 2024 WL 3876271, at *1 (S.D. Ind. Aug. 20, 2024). A stay is appropriate where a decision of the Supreme Court "promises to significantly hone the issues" and "limit and streamline discovery." *Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499, 510 (E.D. La. 2020). It is also appropriate where "discovery is in its infancy" and

5

a stay would "greatly aid in framing the scope of discovery." *Nat'l Police Ass'n, Inc. v. Gannett Co.*, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021).

Similarly, this Court may modify the scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). "[T]he good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Fricke v. Menard, Inc.*, 2023 WL 167462, at *1 (S.D. Ind. Jan. 12, 2023) (citation omitted).

## ARGUMENT

**I.   THERE IS GOOD CAUSE FOR A STAY OF PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *PAXTON***

A stay is appropriate here for the following reasons.

***The Supreme Court May Resolve Present Discovery Disputes***.  A stay will obviate or clarify the issues here because it will allow this Court to consider the Supreme Court's forthcoming decision in *Free Speech Coalition v. Paxton*. That decision likely will resolve several issues that the Case Management Order had deemed settled for purposes of discovery but that Indiana now contests. For example, Plaintiffs argue that strict scrutiny prevents the government from constructing a *post hoc* case, because it constrains the government to defending the judgments contained in the legislative record. *See* Petitioners' Br. at 41, *Free Speech Coal., Inc. v. Paxton*, No. 23-1122 (U.S. Sept. 16, 2024); *Free Speech Coal., Inc. v. Colmenero*, 689 F. Supp. 3d 373, 404 (W.D. Tex. 2023) ("To satisfy strict scrutiny, Texas must provide evidence supporting the Legislature's judgments ... But it is virtually impossible for Texas to make this showing when the Legislature did not consider the issue at all."); ECF 5 at 22-23. For purposes of satisfying strict

scrutiny, in other words, Indiana cannot seek and rely upon discovery in order to manufacture *post hoc* justifications for the law that the General Assembly never actually considered.  Indiana now argues otherwise, however, and seeks broad discovery to build a *post hoc* defense, *see* Comerford Decl. at ¶ 10 (Ex. 1 at 1-2); indeed, Indiana is somehow maintaining that the legislative record is irrelevant, *id.* at ¶ 11 (Ex. 2. at 9-13).  That is inconsistent with the timetable and expenditure of resources contemplated by the original schedule, and the Supreme Court's decision on this matter would "greatly aid in framing the scope of discovery." *Nat'l Police Ass'n, Inc.*, 2021 WL 5364207, at *3; *see Creasy*, 489 F. Supp. 3d at 510.  The Supreme Court likely will issue other guidance that could impact the propriety of Indiana's requests—*e.g.*, by confirming that Indiana's "obscenity" argument, already rejected by this Court, is out-of-bounds and incapable of justifying broader discovery.  *See* Petitioners' Br. at 41-43, *Paxton*, No. 23-1122; Comerford Decl. at ¶ 10 (Ex. 1 at 2-3).  Because the Supreme Court's decision may moot or narrow the parties' present disputes, which conflict with the premises of the Case Management Order, it only makes sense to stay proceedings for a brief period and then return to discovery after the Supreme Court rules.

  *<u>A Stay May Avoid Wasteful, Burdensome Litigation</u>*.  Without a stay, Plaintiffs will be forced to spend significant time and resources responding to, meeting and conferring on, and briefing disputes related to Indiana's voluminous discovery, after which this Court then likely will spend significant time and resources addressing the attendant (and also voluminous) discovery disputes.  Plaintiffs also will need to serve additional discovery requests to match Indiana's broad view of relevance and proportionality, likely precipitating further disputes.  For example, Plaintiffs will seek discovery on data breaches in Indiana; on the government's use of filtering software; on Indiana's awareness of sexually explicit material on social media; on Indiana's ongoing lawsuit against the prominent social-media site *TikTok*; and will pursue third-party discovery into the

legislative process. Much or all of that effort could be wasted if the Supreme Court issues pertinent guidance. *See Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 686 (7th Cir. 1987) ("Avoiding such duplication of effort and the possibility of piecemeal litigation is hardly an abuse of discretion."). A stay would thus promote sound judicial administration.

*<u>A Stay Will Not Prejudice Indiana</u>*. A stay of proceedings will not prejudice or tactically disadvantage Indiana. A stay here would come when "discovery is in its infancy," prior to any significant expenditure of resources. *Nat'l Police Ass'n, Inc.*, 2021 WL 5364207, at *3. Indeed, it would avoid the potentially needless expenditure of resources by all concerned, including the Court. Nor is there any temporary injunction against the law that Plaintiffs are somehow improperly seeking to "extend." And Indiana will be no less able to defend the law on the merits following a temporary pause.

## II. AT MINIMUM, AN EXTENSION OF THE SCHEDULE IS REQUIRED

In the alternative, Plaintiffs request a five-month extension of all deadlines in the case schedule. It simply is not possible under the current schedule to resolve the numerous discovery disputes in time for the sprawling discovery Indiana seeks (subject to the Court's rulings) to be completed. *See* Fed. R. Civ. P. 16(b)(4).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court <u>immediately extend the deadlines in the case schedule by two months</u> and, upon consideration of this Motion, stay proceedings pending the Supreme Court's decision in *Paxton* or, in the alternative, extend the deadlines in the current case schedule by five months.

Dated:   October 21, 2024          By        /s *Kian Hudson*

| | |
|---|---|
| Derek L. Shaffer (*pro hac vice*) | Kian Hudson (Bar No. 32829-02) |
| derekshaffer@quinnemanuel.com | Kian.hudson@btlaw.com |
| QUINN EMANUEL URQUHART | BARNES & THORNBURG LLP |
| & SULLIVAN, LLP | 11 S Meridian St |
| 1300 I Street NW, Suite 900 | Indianapolis, Indiana 46204 |
| Washington, DC 20005 | Telephone: (317) 236-1313 |
| Telephone: (202) 538-8000 | Fax: (317) 231-7433 |
| Fax:  (202) 538-8100 | |
| | |
| Taylor E. Comerford (*pro hac vice*) | Michael T. Zeller (*pro hac vice*) |
| taylorcomerford@quinnemanuel.com | Diane Cafferata (*pro hac vice*) |
| QUINN EMANUEL URQUHART | Arian Koochesfahani (*pro hac vice*) |
| & SULLIVAN, LLP | michaelzeller@quinnemanuel.com |
| 111 Huntington Ave Suite 520 | dianecafferata@quinnemanuel.com |
| Boston, MA 02199 | ariankoochesfahani@quinnemanuel.com |
| Telephone: (617) 712-7100 | QUINN EMANUEL URQUHART |
| Fax:  (617) 712-7200 | & SULLIVAN, LLP |
| | 865 South Figueroa Street, 10th Floor |
| Jeffrey Keith Sandman (*pro hac vice*) | Los Angeles, CA 90017-2543 |
| jeff.sandman@webbdaniel.law | Telephone: (213) 443-3000 |
| WEBB DANIEL FRIEDLANDER LLP | Fax: (213) 443-3100 |
| 5208 Magazine St Ste 364 | |
| New Orleans, LA 70115 | |
| Telephone: (978) 886 0639 | |

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kian Hudson*
Kian Hudson
*Attorney for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 17, 2024, the parties met and conferred about the relief requested in the instant motion and could not reach an agreement.

*/s/ Kian Hudson*
Kian Hudson
*Attorney for Plaintiffs*