UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., ) <br> AYLO PREMIUM LTD, ) <br> AYLO FREESITES LTD, ) <br> WEBGROUP CZECH REPUBLIC, A.S., ) <br> NKL ASSOCIATES, S.R.O., ) <br> SONESTA TECHNOLOGIES, S.R.O., ) <br> SONESTA MEDIA, S.R.O., ) <br> YELLOW PRODUCTION, S.R.O., ) <br> PAPER STREET MEDIA, LLC, ) <br> NEPTUNE MEDIA, LLC, ) <br> MEDIAME SRL, ) <br> MIDUS HOLDINGS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TODD ROKITA in his official capacity as the ) <br> Attorney General of the State of Indiana, ) <br> ) <br> Defendant. ) | No. 1:24-cv-00980-RLY-MG |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Stay Proceedings, or in the Alternative, Extend the Case Schedule. [Filing No. 69.] For the reasons below, the Court **GRANTS** Plaintiffs' Motion.

**I.**
**LEGAL STANDARD**

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A party has no inherent right to a stay; thus, the moving party bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009); *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).

To satisfy this burden, the "movant must show that good cause exists for the stay" of discovery. *Robinson*, 2015 WL 3961221 at *1. The Court evaluates three factors to determine if good cause exists: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not [the] issues will be simplified by the decision in the other case; and [3] whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). It is also appropriate where "discovery is in its infancy" and a stay would "greatly aid in framing the scope of discovery." *Nat'l Police Ass'n, Inc. v. Gannett Co.*, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021).

Similarly, the Court may modify the scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). When leave is requested after the relevant case management deadline, the Court is to use a "two-step process" to analyze the request. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). First, the movant must demonstrate good cause to justify modifying the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4). Then, the Court may engage in the typical analysis, pursuant to Rule 15, for a motion for leave to amend. *Alioto*, 651 F.3d at 719. Once the Court determines that a party has established good cause to allow an amendment, it must also ensure that the amendment comports with the Federal Rule of Civil Procedure 15 standard. This is a lenient standard, and an amendment will be denied only if there is undue prejudice, undue delay, bad faith, or if the amendment would be futile.

## II.
### DISCUSSION

Plaintiffs maintain that a stay is warranted because another case—that "may moot or narrow the parties' present disputes"—is pending before the Supreme Court.[1] [Filing No. 65 at 7-

---

[1] *Free Speech Coal., Inc. v. Paxton*, No. 23-1122 (U.S. Sept 6, 2024) ("*Paxton*").

8.] Similarly, Plaintiffs argue the burden imposed on the Court and parties will be reduced, streamlining the discovery process, and clarifying whether they may need to serve additional discovery requests or whether Defendant's current requests are overly broad. [Filing No. 69 at 8].

Defendant opposes a stay of discovery as inappropriate because it would be unduly prejudiced. It also argues that Plaintiffs have failed to adequately show that the issues in the case could simplified, or the litigation burden reduced by a stay, as any discovery disputes are merely hypothetical at this time. Lastly, Plaintiffs' request for a five-month extension is premature.

### A. Prejudice and Tactical Disadvantage to the Non-Moving Party

Plaintiffs argue a stay imposes little to no prejudice to Defendant because discovery is in its infancy and would avoid potentially needless expenditure of resources. [Filing No. 69 at 9.] They further argue that there is no temporary injunction against the law at play because the Seventh Circuit has stayed application of this Court's preliminary injunction—noting that "[f]unctionally identical laws should be treated the same while the Supreme Court considers this matter"—nor would Defendant be less able to defend the law on the merits following a stay. [Filing No. 54; Filing No. 69 at 9.]

Defendant argues it would be prejudiced by pausing discovery eight months for the Supreme Court decision. [Filing No. 75 at 14.] Defendant argues if the Seventh Circuit were to lift its stay considering *Paxton*, it would be severely prejudicial to Indiana whether there had been an eight-month stay beforehand, as it would again be subject to the injunction until the case reaches final judgment. [Filing No. 75 at 15.] Alternatively, even if the Seventh Circuit maintains the stay of the preliminary injunction, Defendant argues it would be prejudiced by an eight-month stay of discovery because it have an interest in progressing toward final judgment—maintaining that the

law at issue was duly enacted and supported by a compelling state interest in protecting minor children from harmful pornographic online content. [Filing No. 75 at 15.]

In reply, Plaintiffs argue that Defendant's argument misses the mark. Plaintiffs contend that it is inherent in litigation where a preliminary injunction was brought, that Defendant may have to litigate while the state law is enjoined. [Filing No. 76 at 8.] They argue that regardless of whether Defendant's hypothetical comes to pass—where the Seventh Circuit lifts the stay of the preliminary injunction—the parties will have received clear Supreme Court guidance to determine how discovery and other underlying disputes will proceed for a swifter resolution. [Filing No. 76 at 8.] While Defendant says it would still be prejudiced by a stay even if the injunction remains stayed following *Paxton*, Plaintiffs argue that Defendant would be litigating in a better posture, proceeding to a decision on the merits while also enforcing its law—comparing its own prejudice to letting discovery proceed with obvious differences in what is believed to be relevant, and continuing to guess how the Supreme Court will decide. [Filing No. 76 at 8.]

The Court finds that, under the circumstances, Defendant would not be unduly prejudiced by a stay of discovery efforts at this time. Certainly, pending the decision in *Paxton*, the Seventh Circuit may lift the stay of the preliminary injunction. But the Court finds Plaintiffs' argument accurate—that Defendants in litigation where a preliminary injunction is brought may have to litigate while a law or other action is enjoined. Further, while Defendant says it would be prejudiced even if the injunction remains stayed following *Paxton*, Plaintiff is correct by arguing that prejudice would likely fall to the side of Plaintiffs in that instance as Defendant would be litigating in a better position while being able to enforce its law.

Moreover, while a stay unavoidably slows the progression of a case, delay on its own does not constitute undue prejudice. See *Trading Techs Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp.

3d 870, 877 (N.D. Ill. 2016) (finding that in the context of staying litigation "the potential for delay does not, by itself, establish undue prejudice"). See also, GoodCat, LLC v. Cook, No. 1:16-cv-01514-RLY-DML, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016) ("any risk of prejudice or disadvantage to [plaintiff] is mitigated by the fact that this case is at a very early stage."). Accordingly, the Court finds that Defendant has failed to demonstrate that it would be unfairly prejudiced or tactically disadvantaged by a stay. However, the Court does not make its decision on prejudice alone—a denial or grant of a stay often inflicts some level of perceived or actual prejudice on one party or the other.

### B. Simplification of the Issues and Streamlining Trial

Plaintiffs argue the *Paxton* appeal may "resolve several issues that the Case Management Order had deemed settled for purposes of discovery" in the instant case ("*Rokita*") and points out that the *Paxton* case "argue[s] that strict scrutiny prevents the government from constructing a *post hoc* case, because it constrains the government to defending the judgments contained in the legislative record."[2] [Filing No. 69 at 7-8.]

Defendant contends that the *Paxton* issues are not nearly so similar as to warrant a stay pending the Supreme Court's resolution of the argument. [Filing No. 75 at 12 ("[T]he Supreme Court granted certiorari to resolve a legal question: 'Whether the court of appeals erred as a matter of law in applying rational-basis review to a law burdening adults' access to protected speech, instead of strict scrutiny as this Court and other circuits have consistently done.'").] Defendant argues the Supreme Court did not grant certiorari to resolve discovery issues, or how rational basis

---

[2] Among other considerations, Plaintiffs argue that for purposes of satisfying strict scrutiny, Indiana cannot seek and rely upon discovery to manufacture *post hoc* justifications for the law that the General Assembly did not consider, but Indiana now argues and seeks broad discovery to build its *post hoc* defense. Plaintiffs argue the Supreme Court's determinations in *Paxton* will shed light on Indiana's obscenity argument in *Rokita*. [Filing No. 69 at 7-8.]

or strict scrutiny would apply, contending Plaintiffs' prediction that *Paxton* will obviate any need to resolve discovery disputes is merely speculative because the parties do not yet know whether (or what) issues will be disputed during discovery. [Filing No. 75 at 13.] Defendant further contends that Plaintiffs' opening merits brief in *Paxton* did not ask the Supreme Court to hold that state officials can only rely on "judgments contained in the legal record," and states only that "Texas has taken no such steps—or even, as far as the legislative record reflects, considered such less restrictive alternatives." [Filing No. 75 at 13-14 (citing Filing No. 75-4 at 41).] Defendant then argues Plaintiffs' *Paxton* briefing does not raise an issue of whether an obscenity argument is out of bounds or incapable of justifying broad discovery, as they have only targeted whether Texas' law targets "sexual material that is obscene for minors but not for adults." [Filing No. 75 at 13 (citing Filing No. 75-4 at 42).] Ultimately, Defendant says that the Supreme Court decision will only result in a preliminary determination of the parties' likelihood of success, as *Paxton* is a case on review of a preliminary injunction decision. Moreover, Defendant maintains that none of Plaintiffs' arguments related to the *Paxton* case are dispositive of any claim in this case, which does not warrant a stay. [Filing No. 75 at 14.]

In response to Defendant's reliance on their merits brief and question presented, Plaintiffs argue that Defendant disregards the importance and effect of the Supreme Court addressing the applicable standard of review. [Filing No. 76 at 6-7.] Further, Plaintiffs say that Defendant is mistaken in arguing that the issues decided in *Paxton* must be dispositive to warrant a stay, as granting a stay of discovery in *Rokita* would prevent needless duplication of efforts and piecemeal litigation as to the discovery issues already at play. [Filing No. 76 at 7-8.]

The issue before the Supreme Court in *Paxton* is a question of what standard of review is applicable to a law burdening adults' access to protected speech—rational basis vs strict scrutiny.

This question shares overlap with the various issues brought by Defendant in its appeal to the Seventh Circuit in *Rokita*, where the Southern District granted Plaintiffs' preliminary injunction, following application of the strict-scrutiny standard. [*See* Filing No. 35.] The parties have agreed that summary judgment is appropriate in *Rokita* because many of the questions are legal. Discovery is ongoing in preparation for a summary judgment motion, but it is still in its infancy, with the case management plan being first approved in August 2024 and having no trial date currently set. Importantly, initial discovery requests have been served and disputes have begun to arise, which Plaintiffs believe cannot be solved simply by continued meet and confers or the promise of compromises by Defendant. Awaiting resolution of *Paxton* may not necessarily streamline Plaintiffs' claims, but the determination of the applicable standard of review to the nearly identical laws in *Paxton* and *Rokita* will likely lead to a more focused discovery process for dispositive motions practice in this case.

    C.  **Reducing the Burden of Litigation**

Lastly, Plaintiffs argue a stay will reduce the litigation burdens imposed upon the Court and parties. [Filing No. 69 at 8]. They contend the Supreme Court's determinations will clarify whether Plaintiffs will need to serve additional discovery requests and assist the Court in determining whether Defendant's current requests are overly broad.

Defendant argues that entering a stay will not avoid any litigation, as there are currently only hypothetical discovery disputes at issue, and a stay for the Supreme Court's decision in *Paxton* would only delay progress being made in this case, not narrow their potential disputes. [Filing No. 75 at 14.]

In reply, Plaintiffs maintain that the Case Management Plan and the proposed schedule the Court has adopted merely contemplates "limited additional factual development … primarily in

the form of expert discovery," rather than broad discovery requests. [Filing No. 76 at 2.] Plaintiff then argues the *Paxton* decision stands to narrow and potentially moot motions practice related to the broad discovery pending in *Rokita*. [Filing No. 76 at 2.] Regarding such discovery disputes, and contrary to Defendant's allegation that disputes are merely speculative, Plaintiffs maintain that it has made clear at the parties' meet and confer and in its deficiency letter that there are foundational issues that cannot be agreed upon and must have Court involvement rather than additional meet and confers. [Filing No. 76 at 4.] Plaintiffs say that absent a stay, the Court would expend considerable time and effort in deciding whether Defendant's discovery requests and deposition topics are overly broad, irrelevant, or invasive. [Filing No. 76 at 3.] In support of their argument for a stay of discovery, Plaintiffs further point to the stay of discovery granted by the Western District of Texas in *Paxton* pending the Supreme Court's decision. *See* Order Staying Proceedings, *Paxton*, No. 1:23-cv-00917-DAE.[3]

It is worth reiterating the burden on Plaintiffs (albeit less than the Court) to produce discovery or seek determinations from the Court on whether Defendants' requests are appropriate, should the Court not stay discovery. The Court finds the burden placed on itself would be greatly reduced in this instance, as no dispositive motion has been filed as of this date, but a decision by the Supreme Court on what standard of review is applicable to the law at issue would streamline the Court's decision-making abilities.  Staying discovery will conserve both the parties' resources and judicial resources in managing this case. *See, e.g.*, *Bell v. Merchants Bank of Ind.,* No. 1:18-cv-56-RLY-DLP, 2018 WL 10320583, at *2 (S.D. Ind. May 18, 2018).

---

[3] While the Court undertakes an independent review of Plaintiffs' Motion to Stay, it is telling that the Western District of Texas found that discovery (in a nearly identical case) should be stayed pending the Supreme Court's decision in *Paxton*.

In the end, the Court agrees with Plaintiffs' core argument regarding judicial economy and simplification of issues. A stay remains squarely in the Court's discretion, and is, in this instance, **GRANTED**.

### D. Extension of Deadlines

Because the Court is granting a stay, it need not address Plaintiffs' request for an extension of all deadlines in the case schedule. [*See* Filing No. 69 at 9.]

### III.
### CONCLUSION

Plaintiffs' Motion to Stay, [69], is **GRANTED**. Within **two weeks** of the Supreme Court's decision, the parties are to file a Motion for a Telephonic Status Conference to Review the Case Management Plan and Deadlines.

Date: 11/27/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to counsel of record.**