**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| FREE SPEECH COALITION, INC., AYLO PREMIUM LTD, AYLO FREESITES LTD, WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES, S.R.O., SONESTA TECHNOLOGIES, S.R.O., SONESTA MEDIA, S.R.O., YELLOW PRODUCTION, S.R.O., PAPER STREET MEDIA, LLC, NEPTUNE MEDIA, LLC, MEDIAME SRL, MIDUS HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana, <br><br> Defendant. | Case No. 1:24-cv-00980-RLY-MG <br><br> **STATEWIDE RELIEF SOUGHT** |

**PROPOSED AMENDED CASE MANAGEMENT PLAN**

### I.      Parties and Representatives

A.      Plaintiffs are Free Speech Coalition, Inc.; Aylo Premium Ltd; Aylo Freesites Ltd; WebGroup Czech Republic, a.s.; NKL Associates s.r.o.; Sonesta Technologies, s.r.o.; Sonesta Media, s.r.o.; Yellow Production, s.r.o.; Paper Street Media, LLC; Neptune Media, LLC; MediaME SRL; Midus Holdings, Inc. Defendant is Attorney General Todd Rokita.

B.      Counsel for all Plaintiffs are:

Kian Hudson
kian.hudson@btlaw.com
BARNES & THORNBURG LLP
11 S Meridian St
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433

Counsel for only Plaintiffs Free Speech Coalition, Inc., Aylo Premium Ltd, Aylo Freesites Ltd, Yellow Production, s.r.o., Paper Street Media, LLC, Neptune Media, LLC, Mediame SRL, and Midus Holdings, Inc. are:

Derek L. Shaffer
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100

Michael T. Zeller
Arian Koochesfahani
michaelzeller@quinnemanuel.com
ariankoochesfahani@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100

Taylor E. Comerford
taylorcomerford@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Fax: (617) 712-7200

Counsel for only Plaintiffs WebGroup Czech Republic, a.s., NKL Associates, s.r.o., Sonesta Technologies, s.r.o., and Sonesta Media, s.r.o. are:

Sean Gorman
sean.gorman@whitecase.com
WHITE & CASE LLP
609 Main St. Suite 2900
Houston, TX 77002
Telephone: (713) 496-9676
Fax: (713) 496-9701

Jacqueline L. Chung
jacqueline.chung@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-7844
Fax: (212) 354-8113

Counsel for Defendant are:

James A. Barta
Jenna M. Lorence
Katelyn E. Doering
james.barta@atg.in.gov
jenna.lorence@atg.in.gov
katelyn.doering@atg.in.gov
Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-0709
Fax: (317) 232-7979

David H. Thompson
Brian W. Barnes
Peter A. Patterson
Megan M. Wold
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
ppatterson@cooperkirk.com
mwold@cooperkirk.com
Telephone: (202) 220-9600
Fax: (202) 220-9601

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    **<u>Jurisdiction and Statement of Claims</u>**

A.  This court has subject matter jurisdiction because this case presents federal questions within this Court's jurisdiction pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 (deprivation of rights, privileges, and

immunities secured by the Constitution and federal law) and 28 U.S.C. §§ 2201–02 (declaratory judgment as to an actual controversy). Defendant intends to assert counterclaims pursuant to 28 U.S.C. § 1367.

B. Plaintiff: The sole claim that remains is the claim that the Act violates the Supremacy Clause of the Constitution by treating website operators as responsible for harm caused by content created and uploaded by third parties, in direct conflict with Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

C. Defendant: The sole claim from plaintiffs that remains is the claim that the Act is preempted by Section 230, and the Act does not conflict with Section 230. To the extent any constitutional issues remain, the Act does not raise any constitutional problems. Further, the foreign plaintiffs cannot invoke the Constitution's protections. Defendant intends to assert a counterclaim for violations of the Act.

## III.    **Pretrial Pleadings and Disclosures**

A.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed by **September 10, 2025**.

B.    Any new parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 24, 2025**.

C.    Plaintiff(s) shall file amended preliminary witness and exhibit lists on or before **October 31, 2025**.

D.    Defendant(s) shall file amended preliminary witness and exhibit lists on or before **November 7, 2025**.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **November 21, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after the receipt of the proposal.

F.    Expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 5, 2026**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 4, 2026**.

G.    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, the parties shall confer within 7 days of disclosure and service of the report to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall

make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **April 22, 2026**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Section IV.C of this Case Management Plan.

I.      All parties shall file and serve their final witness and exhibit lists on or before **May 7, 2026**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI").

At this time, the parties do not believe that a substantial volume of additional ESI will be produced in the case.  If, as the case progresses, the parties do believe that a substantial volume of ESI is likely to be produced, the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary.  Otherwise, in the event of additional discovery of ESI:

1.      Format of ESI Production.  Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. With the exception of emails requested by a party, if a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party copies of the documents in .pdf or native format, or an industry standard load file production consisting of single page Bates-stamped TIFF images with .OPT load file. All produced documents will be assigned unique Bates numbers on a page or document level. Where assigned per page, the Bates numbers will be visible on the bottom section of the page. Spreadsheets and other long or unusual formats are to be provided in native format with one Bates number assigned to the document. Document metadata, attachment relationships, and extracted text/OCR shall be provided where reasonably available. Emails may be provided in .pdf or electronic format with all attachment relationships. If the receiving party determines in good faith that a disclosure of a document in a .pdf or industry-standard format noted above does not adequately allow the party to review the document, the producing party shall provide an electronic copy, at the receiving party's request, to the extent the document still exists

in its native or original format. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner.

2.    Cost and Burden of Producing Electronic Discovery. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests; and (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner. The parties agree that the Federal Rules of Civil Procedure shall govern any dispute between the parties regarding compliance with each party's respective discovery obligations.

3.    Claw-back Procedure.    In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

---

[1]    The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A.     Plaintiffs believe this case may be appropriate for summary judgment, while reserving their rights to a bench trial.  The issues underlying this litigation are primarily legal in nature.

Defendant believes this case may be appropriate for summary judgment because many of the issues are legal. To the extent there are factual issues, discovery may reveal there is no genuine dispute or the dispute is not material to the outcome.

B.     On or before **April 8, 2026**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.     Select the track that best suits this case:

Track 2: Dispositive motions are expected. Plaintiffs' motion for summary judgment shall be filed by **May 7, 2026**. Defendant's cross motion for summary judgment and response shall be filed by **June 5, 2026**. Plaintiffs' response and reply shall be filed by **June 29, 2026**. Defendant's reply shall be filed by **July 21, 2026**. All discovery, including both expert and non-expert discovery, shall be completed by **April 1, 2026**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.     Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The parties recommend a settlement conference in **January 2027**.

## VI.    Trial Date

The parties request a trial date in **January 2027**.  The trial is by jury and is anticipated to take 2–3 days.

## VII.   Referral to Magistrate Judge

A.     **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.     **Motions**.  At this time, all parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.  Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

By the deadline to amend the pleadings, Defendant intends to file a motion for leave to amend the Answer to assert state law counterclaims against certain Plaintiffs that are not complying with their obligations under S.B. 17.

Date: August 14, 2025

/s/ Kian Hudson
Kian Hudson (Bar No. 32829-02)
Kian.hudson@btlaw.com
BARNES & THORNBURG LLP
11 S Meridian St
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433

*Counsel for Plaintiffs Free Speech Coalitio*
*WebGroup Czech Republic, a.s., NKL Asso*
*Media, s.r.o., Yellow Production, s.r.o., Pc*
*MediaME SRL, and Midus Holdings, Inc.*

Derek L. Shaffer *(pro hac vice)*
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN,
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Michael T. Zeller (*pro hac vice*)
Diane Cafferata (*pro hac vice*)
Arian Koochesfahani (*pro hac vice*)
michaelzeller@quinnemanuel.com
dianecafferata@quinnemanuel.com
ariankoochesfahani@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN,
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.:  (213) 443-3000
Fax:  (213) 443-3100

Taylor E. Comerford *(pro hac vice)*
taylorcomerford@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN,
111 Huntington Ave Suite 520
Boston, MA 02199

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General

By: /s/ James A. Barta
James A. Barta
Solicitor General

Jenna M. Lorence
Deputy Solicitor General

Katelyn E. Doering
Deputy Attorney General

Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Telephone: (317) 232-0709
Fax: (317) 232-7979
Email: James.Barta@atg.in.gov

David H. Thompson*
Peter A. Patterson*
Brian W. Barnes*
Megan M. Wold*
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com
*Admitted pro hac vice

*Counsel for Defendant*

Tel.:  (617) 712-7100
Fax:  (617) 712-7200

Jeffrey Keith Sandman (*pro hac vice*) jeff.sandman@webbdaniel.law
WEBB DANIEL FRIEDLANDER LLP
5208 Magazine St Ste 364
New Orleans, LA 70115
Telephone: (978) 886 0639

*Counsel for Plaintiffs Free Speech Coalition, Inc., Aylo Premium Ltd, Aylo Freesites Ltd, Yellow Production, s.r.o., Paper Street Media, LLC, Neptune Media, LLC, MediaME SRL, and Midus Holdings, Inc.*

Jacqueline Chung (*pro hac vice*)
jacqueline.chung@whitecase.com
WHITE & CASE LLP
1221 Ave. of the Americas
New York, NY 10020
(212) 819-7844

Sean Gorman (*pro hac vice*)
sean.gorman@whitecase.com
WHITE & CASE LLP
609 Main Street, Suite 2900
Houston, TX  77002
(713) 496-9676

*Counsel for Plaintiffs WebGroup Czech Republic, a.s., NKL Associates, s.r.o., Sonesta Technologies, s.r.o., and Sonesta Media, s.r.o.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**