UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

FREE SPEECH COALITION, INC., AYLO PREMIUM LTD, AYLO FREESITES LTD, WEBGROUP CZECH REPUBLIC, A.S., NKL ASSOCIATES, S.R.O., SONESTA TECHNOLOGIES, S.R.O., SONESTA MEDIA, S.R.O., YELLOW PRODUCTION, S.R.O., PAPER STREET MEDIA, LLC, NEPTUNE MEDIA, LLC, MEDIAME SRL, MIDUS HOLDINGS, INC.,

Plaintiffs,

v.

TODD ROKITA, in his official capacity as the Attorney General of the State of Indiana,

Defendant.

Case No. 1:24-cv-00980-RLY-MG

**STATEWIDE RELIEF SOUGHT**

## MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Free Speech Coalition, Inc., Aylo Premium Ltd, Aylo Freesites Ltd, Yellow Production, s.r.o., Paper Street Media, LLC, Neptune Media, LLC, MediaME SRL, and Midus Holdings, Inc. (collectively, "Plaintiffs") hereby move to dismiss all of Plaintiffs' claims with prejudice.

### BACKGROUND

Plaintiffs filed their Complaint on June 10, 2024, challenging Indiana's age-verification law for adult websites under the Communications Decency Act and Constitution of the United States. ECF 1. In particular, the Complaint raised six claims: Count I (42 U.S.C. § 1983) (The First Amendment); Count II (42 U.S.C. § 1983) (The Fourteenth Amendment); Count III (42 U.S.C. § 1983) (The Eighth Amendment); Count IV (42 U.S.C. § 1983) (The Fifth Amendment); Count V (42 U.S.C. § 1983 & 47 U.S.C. § 230); and Count VI (42 U.S.C. § 1983 & 28 U.S.C.

1

§§ 2201-02) (Declaratory Judgment). Defendant Indiana Attorney General Todd Rokita filed an Answer to Plaintiffs' Complaint on July 31, 2024. ECF 51.

On the same day they filed their Complaint, Plaintiffs moved for a preliminary injunction against the law exclusively on the basis of their First Amendment claim. ECF 4; ECF 5. A few weeks later, on June 28, 2024, this Court granted that motion and preliminarily enjoined enforcement of Indiana's law. ECF 35. Defendant appealed that preliminary injunction, and on August 16, 2024 the U.S. Court of Appeals for the Seventh Circuit issued a short order staying the preliminary injunction until the U.S. Supreme Court issued its mandate in *Free Speech Coalition, Inc. v. Paxton*, No. 23-1122. ECF 54.

Following the Seventh Circuit's stay order, no further substantive filings were submitted by the parties until Plaintiffs moved on October 21, 2024 to stay proceedings in this Court pending the U.S. Supreme Court's issuance of its mandate in *Free Speech Coalition, Inc. v. Paxton*. ECF 69. The following day, Plaintiffs filed a statement of claims that included only Plaintiffs' First Amendment claim and Plaintiffs' Section 230 claim and that expressly indicated that Plaintiffs did not intend to pursue their other claims. ECF 72. Plaintiffs thereby dropped their other claims from the case. *See, e.g., Hatton v. CSX Transportation*, 2022 WL 22882639, at *3 (S.D. Ind. Mar. 21, 2022) (noting that failing to include a claim in a statement of claims "indicate[s] an abandonment of the … claim."); *Jackson v. Regions Bank*, 838 F. App'x 195, 198 (7th Cir. 2021) (affirming dismissal of claim not listed in statement of claims); *Harris v. Carrier Corp.*, 2017 WL 1091244, at *4 (S.D. Ind. Mar. 23, 2017) (denying motion to dismiss claims as moot because the plaintiff "filed Statement of Claims confirms that she is no longer pursuing [those] claims").

This Court granted Plaintiffs' stay motion on November 27, 2024, finding that a stay would "greatly reduce[]" the burden on the Court, especially since "no dispositive motion has

2

been filed as of this date." ECF 77 at 8. Accordingly, this case remained inactive until the U.S. Supreme Court issued its decision in *Free Speech Coalition, Inc. v. Paxton* on June 27, 2025. *Free Speech Coalition, Inc. v. Paxton*, 145 S. Ct. 2291 (2025). That decision affirmed the decision of the U.S. Court of Appeals for the Fifth Circuit reversing a preliminary injunction of a similar Texas age-verification law (albeit on different and narrower grounds than the Fifth Circuit had adopted). *Id.* at 2316–19.

About two weeks after the Supreme Court issued its decision, the parties filed a joint status report with the Seventh Circuit, agreeing that the preliminary injunction should be summarily reversed and the preliminary injunction vacated. *Free Speech Coalition v. Rokita*, No. 24-2174 (7th Cir.) Dkt. 22. On July 15, 2025, the Seventh Circuit issued an order that granted summary disposition, vacated the preliminary injunction, and remanded the case "with instructions to enter judgment for the defendant." ECF 86. A few days later, the Seventh Circuit issued an order clarifying that "the case is remanded with instructions to enter judgment for the defendant with respect to the claim under the First Amendment." *Free Speech Coalition v. Rokita*, No. 24-2174 (7th Cir.) Dkt. 26.

**ARGUMENT**

The Seventh Circuit's order requires entering judgment for Defendants on Plaintiffs' First Amendment claim, and Plaintiffs do not wish to press their remaining Section 230 claim, which has not been the subject of any briefing or discovery whatsoever. As this Court recently observed, "a plaintiff may unilaterally move the Court to dismiss its claims (usually without prejudice), pursuant to Federal Rule of Civil Procedure 41(a)(2)." *Batesville Casket Co., LLC v. Ackerman*, 2024 WL 3676766, at *1 (S.D. Ind. Aug. 6, 2024). On September 4, 2025, following discussion by the parties regarding a stipulated dismissal of this action, undersigned counsel for Plaintiffs informed counsel for Defendant that their clients would agree to a stipulated dismissal

with prejudice. Counsel for Defendant was unable to provide a position on that proposal (or provide a firm deadline by which Defendant would be able to provide such a position). Accordingly, and in light of the Amended Case Management Plan's upcoming deadline for amending pleadings, Plaintiffs hereby move to voluntarily dismiss with prejudice all of their claims under Rule 41(a)(2).

Because Plaintiffs are seeking a with-prejudice dismissal of their claims, it is clear that Defendant will not suffer "plain legal prejudice" from the dismissal; dismissal is therefore clearly proper for that reason alone. *See Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988) ("The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." (quotation marks and citation omitted)). For this reason, the four factors that the Seventh Circuit has instructed courts to consider when weighing motions to dismiss *without* prejudice are inapplicable here. *See id.* at 473–74 ("In *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969), this court delineated several factors for courts to consider in determining whether the defendant has suffered 'plain legal prejudice' as a result of the dismissal of an action *without prejudice*." (emphasis added)).

Moreover, these four factors all weigh decisively in favor of granting Plaintiffs' motion in any event. First, there has been little "effort and expense of preparation for trial" on Defendant's part. *Kovalic*, 855 F.2d at 474 (quoting *Pace*, 409 F.2d at 334). The only significant effort and expense the parties have devoted to this matter involved Plaintiffs' First Amendment claim (which the Seventh Circuit has already ordered to be dismissed with prejudice) and occurred during the few weeks between Plaintiffs' preliminary injunction motion and the Seventh Circuit's stay order. The parties have engaged in very little discovery, and have not engaged in any discovery with respect to Plaintiffs' Section 230 claim specifically. This is thus

4

a paradigmatic case for voluntary dismissal. *See, e.g., Flaherty & Collins, Inc. v. Town of Speedway, Ind.*, No. 1:06-cv-01324, 2009 WL 10736428, at *2 (S.D. Ind. Jan. 29, 2009) (granting motion to voluntarily dismiss without prejudice because the defendant "has not gone to a great deal of expense preparing for trial"); *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 199 F.R.D. 304, 306 (S.D. Ind. 2001) (similar).

Second, Plaintiffs have not shown "excessive delay and lack of diligence … in prosecuting the action." *Kovalic*, 855 F.2d at 474 (quoting *Pace*, 409 F.2d at 334). On the contrary, Plaintiffs briefed the preliminary injunction motion expeditiously, reasonably moved to stay the case pending the Supreme Court's decision in *Free Speech Coalition, Inc. v. Paxton*, and acted quickly to move to voluntarily dismiss after the Seventh Circuit issued its decision.

Third, Plaintiffs have provided a sufficient "explanation for the need to take a dismissal." *Kovalic*, 855 F.2d at 474 (quoting *Pace*, 409 F.2d at 334). Plaintiffs' reason for voluntary dismissal is simple: They no longer wish to devote their (and the Court's) resources to pressing their remaining Section 230 claim. *See, e.g., In re Bridgestone/Firestone*, 199 F.R.D. at 307 (accepting movant's explanation for voluntary dismissal and granting motion).

Fourth, there has not been "a motion for summary judgment … filed by the defendant." *Kovalic*, 855 F.2d at 474 (quoting *Pace*, 409 F.2d at 334). Indeed, the parties have not submitted any briefing at all on Plaintiffs' Section 230 claim. Thus, this factor weighs in favor of dismissal as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs move to voluntarily dismiss with prejudice the claims of Plaintiffs Free Speech Coalition, Inc., Aylo Premium Ltd, Aylo Freesites Ltd, Yellow Production, s.r.o., Paper Street Media, LLC, Neptune Media, LLC, MediaME SRL, and Midus Holdings, Inc.

Dated: September 4, 2025                                Respectfully submitted,

/s/ Kian Hudson

Kian Hudson (Bar No. 32829-02)
Kian.hudson@btlaw.com
BARNES & THORNBURG LLP
11 S Meridian St
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433

Derek L. Shaffer *(pro hac vice)*
derekshaffer@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Michael T. Zeller *(pro hac vice)*
Diane L. Cafferata *(pro hac vice)*
Arian Koochesfahani *(pro hac vice)*
michaelzeller@quinnemanuel.com
dianecafferata@quinnemanuel.com
ariankoochesfahani@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100

Taylor E. Comerford *(pro hac vice)*
taylorcomerford@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave Suite 520
Boston, MA 02199
Tel.: (617) 712-7100
Fax: (617) 712-7200

Jeffrey Keith Sandman *(pro hac vice)*
SANDMAN LAW
5208 Magazine St., Ste #364
New Orleans, LA 70115

        Telephone: (978) 886 0639
        jeff@sandman-law.com

*Counsel for Plaintiffs Free Speech Coalition, Inc., Aylo Premium Ltd, Aylo Freesites Ltd, Yellow Production, s.r.o., Paper Street Media, LLC, Neptune Media, LLC, MediaME SRL, and Midus Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, a true and correct copy of the foregoing document, as well as the attached Proposed Order, was served via the Court's CM/ECF system to all counsel of record.

Dated:  September 4, 2025                    /s/ Kian Hudson

Kian Hudson (Bar No. 32829-02)
Kian.hudson@btlaw.com
BARNES & THORNBURG LLP
11 S Meridian St
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433