**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WEBGROUP CZECH REPUBLIC, A.S.; NKL ASSOCIATES, S.R.O.,<br><br>*Plaintiffs / Counter-Defendants,*<br><br>v.<br><br>TODD ROKITA, in his official capacity as Attorney General of the State of Indiana,<br><br>*Defendant / Counter-Plaintiff.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:24-cv-00980-RLY-MG |

**COUNTER-DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIMS**

Counter-Defendants WebGroup Czech Republic, a.s. and NKL Associates, s.r.o. file this Reply Brief in Support of Their Motion to Dismiss the Amended Counterclaims of Counter-Plaintiff Todd Rokita, in his official capacity as the Attorney General of the State of Indiana, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

The Court was crystal-clear in its Order dismissing the State's Original Counterclaims: To state a claim seeking to enforce the Act, the State must allege in a non-conclusory fashion that "over one-third of the *total images or videos* on the websites was material harmful to minors." Dkt. 138 at 12 (emphasis added). That interpretation was correct: The Act does not apply (and cannot therefore be enforced) unless "at least one-third (1/3) of the images and videos published" on an accused website depict what the State deems material harmful to minors. Ind. Code § 24-4-23-1. The State's Amended Counterclaims do not allege facts that plausibly meet that threshold, and the State effectively concedes that it cannot do so.

The State's Amended Counterclaims should be dismissed with prejudice.

**ARGUMENT**

The State does not dispute that, for the Act to apply to Counter-Defendants, "at least one-third (1/3) of the images and videos published" on their websites must "depict material harmful to minors." Dkt. 141, Am. Countercl. ("ACC"), ¶ 18 (citing Ind. Code § 24-4-23-1). Nor does the State dispute that it has failed to plead the total amount of "images and videos" contained on Counter-Defendants' websites (the Act's denominator). *Id.* Nor does the State dispute that it has failed to allege what fraction of those images and videos contain material harmful to minors (the Act's numerator). *Id.* Instead, the State asserts it need not allege the "proportion of all content appearing on [Counter-Defendants'] websites" and that requiring the State to do so would "effectively nullify the Act." Dkt. 156, Opp. to MTD ("Opp.") at 8, 12. That assertion is contradicted by the Act's plain language, this Court's prior ruling, and the State's earlier representations.

***First***, this Court has already recognized (in dismissing the State's original Counterclaims) that, to adequately plead a violation of the Act, the State must allege non-conclusory facts showing that "over one-third of the *total images or videos* on the websites was material harmful to minors." Dkt. 138 at 12 (emphasis added).

The State's Opposition ignores those instructions, but the Court based them on the plain language of the Act: No one disputes that, under that language, the Act's age-verification requirement applies only if "at least one-third (1/3) of the images and videos published on the website depict material harmful to minors." ACC, ¶ 18 (citing Ind. Code § 24-4-23-1). So contrary to the State's contentions, the "proportion of all content appearing on [Counter-Defendants'] websites," Opp. at 8, is a *necessary element* of the State's enforcement claims that must be supported with non-conclusory, plausible allegations. *See Dormeyer v. Comerica Bank –*

*Ill.*, 1997 WL 403697, at *1 (N.D. Ill. July 15, 1997) ("[W]hat plaintiff fails to recognize is that a complaint must state … allegations concerning all material or essential elements necessary for recovery[.]").

As explained in Counter-Defendants' Motion, the State has not met that burden. *See* Dkt. 146 at 5-8. At most, the State has just taken its prior deficient allegations and multiplied them, while still missing the mark. The Court already rejected the State's allegation that its "investigator visited Counter-Defendants' websites and saw fifty pornographic videos on the home page." Dkt. 138 at 11. Yet the State now litters its Amended Counterclaims with similar allegations to distract the Court from the deficiencies in its pleading. For example, the State focuses only on limited categories of images and videos and the proportion of purportedly harmful material in them. *See*, *e.g.*, Opp. at 9 ("[T]he 'exercise' category contained 1,993 videos, and more than one-third were pornographic" (quoting ACC, ¶ 52)); *id.* ("[T]he 'chat' category contained 11,899 videos, a majority of which were pornographic" (quoting ACC, ¶ 52)).

The Court also previously rejected the State's conclusory "recit[ation] [of] the elements" of the One-Third Rule. Dkt. 138 at 11. Yet the State again recycles those allegations throughout its Amended Counterclaims. *See, e.g.*, ACC, ¶ 40 ("At least one-third (1/3) of the images displayed on the 'pornstars' page were pornographic."). None of that (or any of the other allegations) is sufficient because it says nothing about the "*total* images or videos on the websites" that are "harmful to minors"—much less how that total compares to the total overall content on the websites, even though the statute applies this "one-third" requirement to the entire site. Dkt. 138 at 12 (emphasis added).

Still, the State's Opposition oddly focuses on its "tag" allegations, contending they "represent how Counter-Defendants themselves characterize their content and divide it into

thematic categories." Opp. at 11. But the State does not (and cannot) dispute that the tags consist of text—not the "images or videos" that the One-Third Rule encompasses. Opp. at 9 (noting that a certain proportion of tags "described" purportedly harmful content); 11; *see also* ACC, ¶ 18 (citing Ind. Code § 24-4-23-1). Regardless of the *words* allegedly used in the tags, they are legally insufficient to establish that "at least one-third (1/3) of the *images and videos* published on the websites depict material harmful to minors." *See also* ACC, ¶ 18 (citing Ind. Code § 24-4-23-1) (emphasis added). Moreover, the State simply assumes that the "tags" on the website capture and categorize *all* images and videos on the site.

At bottom, nowhere in the State's Amended Counterclaims does it allege in non-conclusory fashion that "over one-third" of the ratio "of the *total* images or videos on the websites was material harmful to minors"—as the Act (and this Court) requires. Dkt. 138 at 12 (emphasis added); *see also Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 969 (N.D. Ill. 2009) ("[Plaintiff's] lengthy complaint relies heavily on … conclusory allegations" that "we are not required to accept … at face value."). This is not a question of whether the State can be "mathematical[ly] preci[se]," *see* Opp. at 8, but rather, whether the State has plausibly alleged the threshold requirement that the total proportion of purportedly harmful material on the sites exceeds one-third. Even if the Court were to accept the State's observations about certain limited categories of content as true, they would not lead to that conclusion.

***Second***, the State's contention that requiring it to plead the "ratio" between approved and disapproved content would "effectively nullify the Act" is belied by its prior representations to avoid dismissal. Opp. at 12-13.

Counter-Defendants have consistently argued that the One-Third Rule is vague because, *inter alia*, the "Act does not specify whether the 'one-third (1/3) of the images and videos

published on the website' refers to the number of discrete 'images and videos,' the file size of such images and videos, or some other metric[.]" Dkt. 121 at 4-5 (original Motion to Dismiss); *see also Little Arm Inc. v. Adams*, 13 F. Supp. 3d 893, 910 (S.D. Ind. 2014) (Young, J.) (recognizing that similar vagueness problems establish that "the statute lacks fair notice"); *Big Hat Books v. Prosecutors*, 565 F. Supp. 2d 981, 996 (S.D. Ind. 2008) ("It is wholly unclear whether a statement 'detailing' the materials for sale needs to include specific title, descriptions of content, or simply a generalized categorization[.]").[*] The State has nevertheless maintained (in seeking to avoid dismissal) that the "Act provides a concrete numerical *rule*" that is easily applied. Dkt. 128 at 9 (emphasis original).

Remarkably, the State now contends that sufficiently alleging facts showing that its own One-Third threshold is satisfied is "an *impossible* task." Opp. at 13 (emphasis added). Presumably, if the State thought its One-Third Rule was easy to measure, it would have confirmed that Counter-Defendants failed to meet the threshold before the State filed its Counterclaims. *See* FED. R. CIV. P. 11. But the State effectively concedes that it has not done so and cannot do so, thus bringing into question its own attempts to quantify the proportion of harmful materials on the sites in its pleadings. Opp. at 13. In any event, as this Court has already recognized, alleging the applicability of the Act is possible, and to the extent it may be difficult, that is a result of the State's own statutory language.

[*] Even after amending its Counterclaims, the State has not provided any clarity on how the One-Third Rule—which unlike similar statutes from other states does not itself provide clarity—is measured. *Cf.* Fla. Admin. Code § 2-44.001(2) (providing specific instructions on how to "calculate the proportion" of material for purposes of compliance with the Florida age verification act).

The State cannot have it both ways. If measuring compliance with the Act is "impossible" for the State, it certainly is impossible for those trying to comply with it. At a minimum, further amendment is plainly futile. *DeSalle v. Wright*, 969 F.2d 273, 278 (7th Cir. 1992) ("A district court does not abuse its discretion when it denies leave to amend where repleading would be futile.").

The Court should dismiss the State's Amended Counterclaims with prejudice.

## **CONCLUSION**

For the foregoing reasons, Counter-Defendants WebGroup Czech Republic, a.s. and NKL Associates, s.r.o. respectfully request that the Court grant their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the State's Amended Counterclaims with prejudice.

Date: October 16, 2026

Respectfully submitted,

**WHITE & CASE LLP**

By: */s/ Sean Gorman*
Sean Gorman (*pro hac vice*)
Jacqueline Chung (*pro hac vice*)
WHITE & CASE LLP
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
sean.gorman@whitecase.com
jacqueline.chung@whitecase.com

Kian Hudson (Bar No. 32829-02)
BARNES & THORNBURG LLP
11 S. Meridian St
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Fax: (317) 231-7433
kian.hudson@btlaw.com

**ATTORNEYS FOR PLAINTIFFS/COUNTER-DEFENDANTS WEBGROUP CZECH REPUBLIC, A.S.; NKL ASSOCIATES S.R.O**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Reply was served on all parties of record by electronic means through the CM/ECF system.

/s/ *Sean Gorman*
Sean Gorman